IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                              No. 14-CR-00767-MCA

ARTURO R. MEDINA-TORRES,

    Defendant.

## ORDER DENYING MOTIONS TO REDUCE SENTENCE UNDER 18 U.S.C. § 3582(c)(2)

THIS MATTER is before the Court on Defendant Arturo R. Medina-Torres' Motion Under 18 U.S.C. § 3582(c)(2) And Retroactive Amendment 782 For Modification of Sentence By A Person In Federal Custody [Doc. 79] and Motion Under 18 U.S.C. § 3582(c)(2) For Modification of Sentence By A Person in Federal Custody [Doc. 91]. Defendant seeks to reduce his federal sentence under 18 U.S.C. § 3582(c)(2) in light of Amendment 782 to the United States Sentencing Guidelines (U.S.S.G.), which lowered by two levels the base offense levels in the Drug Quantity Table for the drug offenses listed in U.S.S.G. § 2D1.1. Because the record reflects that Defendant received the two-level reduction at sentencing, his motions will be denied.

Defendant was charged by Indictment with: (1) Count 1 – unlawfully, knowingly, and intentionally distributing methamphetamine in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(C); (2) Count 2 – unlawfully, knowingly, and intentionally distributing methamphetamine in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(C); (3) Count 3 – unlawfully, knowingly, and

intentionally distributing 50 grams and more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); (4) <u>Count 4</u> – possession with intent to distribute 500 grams and more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 18 U.S.C. § 2; (5) <u>Count 5</u> – possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); and (6) <u>Count 6</u> – being an alien in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(2). [Doc. 2] Pursuant to a plea agreement, Defendant pleaded guilty to Count 1 of the Indictment charging him with distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). [Doc. 55 at 2] The plea agreement provided for a "a specific sentence of 69 months imprisonment" pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure and the dismissal of "Counts 2 through 6 of the pending Indictment." [Doc. 55 at 4, 8]

The United States Probation Office prepared a Presentence Investigation Report (PSR), which was disclosed to the parties on January 13, 2015. [PSR] The PSR calculated Defendant's offense level under "[t]he 2014 Guidelines Manual, incorporating all guideline amendments."[1] [PSR at 6] Defendant's drug offenses involved 554.7 gm of Methamphetamine and 41.6 gm of Methamphetamine (actual), which was converted to its marihuana equivalency of 1109.4 kg and 832.0 kg respectively pursuant to U.S.S.G. § 2D1.1, cmt. 8(B). The total amount of marihuana equivalency was 1,941.4 kilograms, resulting in a base offense level of 30 under U.S.S.G. § 2D1.1. [PSR at 7] Defendant received a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possessing a dangerous weapon (firearm) and a three-level reduction under U.S.S.G. § 3E1.1(a) and (b) for acceptance of responsibility, resulting in a total offense level of 29. [PSR at 7-8] Based on total offense level of 29 and a criminal history category of I, Defendant's guideline imprisonment range was 87 months to 108 months. [PSR at 13]

---

[1] All references to the U.S.S.G. are to the 2014 edition, unless otherwise noted.

On February 19, 2015, the Court accepted Defendant's guilty plea and the plea agreement, adopted the findings in the PSR, and sentenced Defendant to a total term of 69 months of imprisonment on Count 1 of the Indictment, consistent with the Rule 11(c)(1)(C) plea agreement. [Doc. 65, 67] Counts 2 through 6 of the Indictment subsequently were dismissed. [Doc. 73] The Court rendered judgment on Defendant's conviction and sentence on February 26, 2015. [Doc. 67]

Title 18 of the United States Code, section 3582(c)(2) provides that a district court may reduce the sentence of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," if the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). A reduction is consistent with the policy statements of the Sentencing Commission if it is listed in U.S.S.G. §1B1.10(d). *See* U.S.S.G. § 1B1.10(a)(2)(A). Amendment 782 of the U.S.S.G. is listed in § 1B1.10(d) and, therefore, it may be applied retroactively to reduce a defendant's sentence under § 3582(c)(2).

Amendment 782 became effective on November 1, 2014 and was incorporated into the 2014 Guidelines Manual, which was used to calculate Defendant's offense level. *See* United States Sentencing Commission Guidelines Manual (2014). Therefore, Defendant's offense level was calculated with the two-level reduction under Amendment 782. Indeed, if Defendant had been sentenced under the 2013 Guidelines Manual, a marihuana equivalency of "[a]t least 1,000 KG but less than 3,000 KG" would have resulted in a base offense level of 32, instead of a base offense level of 30. *See* United States Sentencing Guidelines Manual § 2D1.1(4) (2013). Because Defendant already received the two-level reduction requested in his motions to reduce his sentence under § 3582(c)(2), Defendant's motions will be denied.

IT IS THEREFORE ORDERED that Defendant's Motion Under 18 U.S.C. § 3582(c)(2) And Retroactive Amendment 782 For Modification of Sentence By A Person In Federal Custody [Doc. 79] and Motion Under 18 U.S.C. § 3582(c)(2) For Modification of Sentence By A Person in Federal Custody [Doc. 91] are DENIED.

_____
UNITED STATES DISTRICT JUDGE